UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBRA H.,

                     Plaintiff,

v.                                         5:22-CV-1118
                                           (GTS/MJK)
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue, Suite 1A<br>Amherst, New York 14226 | JUSTIN M. GOLDSTEIN, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for Defendant<br>Office of the General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | KRISTINA D. COHN, ESQ.<br>Special Assistant United States Attorney |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Debra A. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Andrew T. Baxter[1] recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's Objection to the Report and Recommendation. (Dkt. Nos. 14, 15.) For the reasons set forth

---

[1] After the issuance of this Report-Recommendation, this matter was reassigned to Magistrate Judge Mitchell J. Katz due to Magistrate Judge Baxter's retirement. (Dkt. No. 16.)

below, the Report and Recommendation is accepted and adopted in its entirety.

Generally, in her Objections to the Report-Recommendation, Plaintiff argues that the Commissioner failed to meet her doubly heightened duty to develop the record for the then-*pro se* Plaintiff for two reasons. (Dkt. No. 15, at 7-20.) First, Plaintiff argues, mental health treatment records are absent from the record, and the Report-Recommendation does not identify reasons why the Commissioner should not have requested those records. (*Id*. at 7-13.) Second, Plaintiff argues, the ALJ relied upon insufficient medical opinion evidence to deny Plaintiff benefits, depriving her of a longitudinal picture of Plaintiff's physical and mental functioning. (*Id*. at 14-20.)

Even when construed liberally, Plaintiff's Objections merely repeat arguments presented in her initial brief and reply brief. (*Compare* Dkt. No. 15, at 7-20 *with* Dkt. No. 9, at 7-17 [arguing that the Commissioner failed to meet her doubly heightened duty to develop the record for the pro se Plaintiff, because mental health treatment records are absent from the record, and because the ALJ relied upon insufficient medical opinion evidence, specifically treating-source opinion evidence] *and* Dkt. No. 13, at 1-7 [elaborating on her arguments that the ALJ erred by failing to develop the record].) As a result, the Report-Recommendation needs to be reviewed for only clear error.[2]

---

[2]    When an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review. *See Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

After carefully reviewing the relevant findings in this action, including Magistrate Judge Baxter's thorough Report-Recommendation and Plaintiff's objection thereto, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts for the reasons stated in the Report-Recommendation. (Dkt. No. 14.)

To those reasons, the Court would add only that it would accept and adopt the Report-Recommendation even if it were to subject it to de novo review. Contrary to Plaintiff's argument that "the Report and Recommendation does not identify reasons why the Commissioner should not have requested those [absent mental health treatment] records" (Dkt. No. 15, at 13), in fact it does state those reasons over the course of at least eight pages (*See generally* Dkt. No. 14, at 9-13, 16-18 [finding, for example, that (1) the ALJ advised Plaintiff of her right to counsel, gave her the opportunity to delay the hearing to allow her to obtain counsel, outlined the evidence currently in the record, noted some possible missing records, ensured the records were up to date, asked Plaintiff if any records were missing, and requested and entered several additional records after the hearing, (2) the Appeals Council gave Plaintiff's counsel 25 days to add any new or missing evidence to the record, (3) the Magistrate Judge Baxter found that Plaintiff did not mention being treated by alleged provider Jessica Delutis or any other mental health providers when asked, that the record does not indicate that Plaintiff was receiving consistent mental health treatment from any providers, and that the record indicated that Plaintiff's depression was mild and improving, (4) the ALJ kept the record open to receive further evidence after the administrative hearing but Plaintiff failed to provide such evidence or

requests the ALJ's assistance in obtaining the records, and (5) in any event "plaintiff has not alleged what prejudice [she] suffered or how these records would impact the ALJ's decision"].)

Moreover, contrary to Plaintiff's argument that "the ALJ . . . did not inform Plaintiff of the importance of obtaining a medical opinion from a treating source" (Dkt. No. 15, at 17), in fact, on December 10, 2020, the ALJ sent Plaintiff a letter informing her that, with regard to medical records received from St. Joseph's Urgent Care (which is affiliated with Joseph's Physicians Family Medicine, Heritage Group, where Dr. Gerald Edwards, M.D., and Lindsey L. Byrnes, PA, worked), she "may submit . . . additional records you wish me to consider (*including a report from the treating physician*)." (T. at 208 [emphasis added].)[3] In any event, as previously indicated, Plaintiff has already presented to Magistrate Judge Baxter her argument that the ALJ was deprived of a longitudinal picture of Plaintiff's physical and mental functioning provided by Dr. Edwards and PA Byrnes. (*Compare* Dkt. No. 15, at 15-17 *with* Dkt. No. 9, at 13, 16-17.) Magistrate Judge Baxter clearly considered and rejected that argument;[4] and the Court finds that revisiting it here would both waste judicial resources and frustrate the purpose of the Federal Magistrates Act of 1968.

**ACCORDINGLY**, it is

---

[3] The Court notes that, on March 18, 2020, April 8, 2020, and February 2, 2021, the ALJ sent Plaintiff three similar letters with regard to other medical records received. (T. at 210, 212, 214, 216.) The Court notes also that Plaintiff obtained counsel on April 28, 2021. (T. at 13-14.)

[4] The Court notes that the Report-Recommendation indicates that Magistrate Judge Baxter relied on records provided by Dr. Edwards. (*See, e.g.,* Dkt. No. 14, at 13 [citing records from Dr. Edwards dated May 5, 2018, March 16, 2020, and April 27, 2020]; Dkt. No. 14, at 12, 13 [citing records from Dr. Edwards contained Tr. at 276, 331, 333-38, 344, 356, and 365].) The Court notes also that, while Dr. Edwards appears to have treated Plaintiff for almost 27 months (i.e., from May 2, 2018, to July 28, 2020), PA Byrnes appears to have treated Plaintiff for only 12 months (i.e., from May 31, 2018, to May 31, 2019). (*Compare* T. at 274-77, 330-38, 342-45, 355-57, 363-66 *with* T. at 278-83, 346-51, 358-62.)

**ORDERED** that Magistrate Judge Baxter's Report and Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 12, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge